Tyler M. Hinckley
Montoya Hinckley PLLC
4301 Tieton Drive
Yakima, WA 98908
Attorneys for Plaintiff
Phone: (509) 895-7373
Fax: (509) 895-7015
tyler@montoyalegal.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER CHADWICK,<br><br>               Plaintiff,<br><br>vs.<br><br>VAMCO LTD., INC., a California corporation,<br><br>               Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

Plaintiff Christopher Chadwick alleges:

## I.    PARTIES

1.    Christopher Chadwick resides in Yakima County, Washington. Mr. Chadwick is a citizen of the United States of America and a resident of the state of Washington.

2.    Vamco Ltd., Inc. ("Vamco") is a California corporation that is headquartered in Tulare County, California and that conducts business in

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL - 1

Yakima County, Washington as Vamco and under the trade name "Wind Machine Sales".

## II.    JURISDICTION AND VENUE

3.    28 U.S.C. § 1331 grants the District Court jurisdiction because Mr. Chadwick alleges that Vamco violated 42 U.S.C. §12112 which creates civil causes of action arising under the laws of the United States.

4.    The District Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state claims that are brought under Washington's law against discrimination, RCW 49.60, because a substantial federal question exists.  Also, the state claims form part of the same case in controversy under the United States Constitution.

5.    The District Court has jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

6.    The Eastern District of Washington has venue under 28 U.S.C. § 1391(a) and (b) because Vamco conducts business in the district and because a substantial part of the events or omissions giving rise to Mr. Chadwick's claim occurred in the district.

7.    Mr. Chadwick filed a claim with the Washington State Human Rights Commission on or about October 19, 2017 and his claim was sent to the

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL - 2

**MONTOYA HINCKLEY PLLC**
4301 Tieton Drive
Yakima, WA 98908
**(509) 895-7373**

Equal Employment Opportunity Commission (EEOC) for dual filing purposes on or about November 15, 2017. On or about September 19, 2018, Mr. Chadwick received a Notice of Right to Sue from EEOC that stated that he had the right to sue. His filing of this law suit is within 90 days of the Notice of Right to Sue.

### III.    FACTS

8. From before Chris Chadwick was hired to present, Vamco has operated under the trade name Wind Machine Sales in its Wapato, Washington location.

9. Vamco had more than 15 employees during the entire time that Chris Chadwick worked for Vamco, and currently has more than 15 employees

10. Vamco d/b/a Wind Machine Sales hired Chris Chadwick to work as a mechanic at its Wapato, Washington location on or about February 13, 2017.

11. Mr. Chadwick's supervisor was Josh Bibby. Mr. Bibby had authority to hire and terminate employees, and ran the day-to-day business operations for wind machine sales, maintenance, and repair at Vamco's Wapato, Washington facility. All of Mr. Bibby's conduct relevant to this complaint was performed within the scope of his duties and authority as a manager and supervisor for Vamco.

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL - 3

**MONTOYA HINCKLEY PLLC**
4301 Tieton Drive
Yakima, WA 98908
**(509) 895-7373**

12. In March of 2017, Mr. Chadwick was forced to take approximately one week off of work when the left side of his body went numb and was losing vision in his left eye.

13. Mr. Chadwick was diagnosed with multiple sclerosis in March of 2017. Shortly after receiving his diagnosis, Mr. Chadwick told Mr. Bibby that he had been diagnosed with multiple sclerosis.

14. Mr. Chadwick returned to work and worked for two days before he began experiencing vision problems in his left eye. Mr. Bibby told Mr. Chadwick to go home and not to return to work until he had a note from his doctor clearing him to return to work.

15. On or about April 12, 2017, Mr. Chadwick's treating neurologist, Dr. Lucas McCarthy, wrote a letter stating that Mr. Chadwick was "cleared medically for return to work but with some restrictions given mild left sided weakness that may need slow return to heavy activity or climbing as tolerated."

16. Mr. Chadwick returned to work full time on or about April 13, 2017. He provided Mr. Bibby with Dr. McCarthy's return to work letter the same day.

17. When Mr. Chadwick returned to work full time, on or about April 13, 2017, he informed Mr. Bibby that he could perform every aspect of his job, including assisting on service calls in the field, without restrictions.

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL - 4

18. Despite knowing that Mr. Chadwick was cleared to work and that Mr. Chadwick was capable of performing all aspects of his job without restrictions, Mr. Bibby refused to allow Mr. Chadwick to go out on service calls, refused to allow him to perform functions of his job that he performed before being diagnosed with multiple sclerosis, and assigned him with undesirable or less desirable job tasks.

19. After learning of Mr. Chadwick's multiple sclerosis diagnosis, Mr. Bibby told one or more Vamco employees that he viewed Mr. Chadwick as a liability because of his multiple sclerosis diagnosis and that he did not want Mr. Chadwick working for Vamco any longer. Mr. Bibby told one or more Vamco employees that he would find a reason to terminate Mr. Chadwick.

20. During the week of September 11, 2017, Mr. Chadwick had a flare up of symptoms associated with multiple sclerosis that caused him to limp when walking. While the flare up of symptoms caused him to limp while walking, it did not prevent Mr. Chadwick from performing any aspect of his job.

21. Mr. Bibby saw Mr. Chadwick limping on September 11 and September 12, 2018. On September 12, 2018, Mr. Bibby told Mr. Chadwick to go home because there was no work for the rest of the week and told Mr. Chadwick to return on Monday, September 18, 2017. Mr. Chadwick was the

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL - 5

MONTOYA HINCKLEY PLLC
4301 Tieton Drive
Yakima, WA 98908
(509) 895-7373

only person that Mr. Bibby told not to come to work during the week of September 11, 2017, and all other employees at Vamco's Wapato, Washington location worked full time that week.

22.  On Monday, September 18, 2017, Mr. Bibby terminated Mr. Chadwick when he arrived for work.  Mr. Bibby told Mr. Chadwick that he was being laid off due to a lack of work.  Mr. Chadwick asked Mr. Bibby when he would be able to return to work and Mr. Bibby stated that there was no return date for Mr. Chadwick.  No other Vamco employees were laid off at that time.

23.  Mr. Chadwick was qualified for his position and was performing his job satisfactorily, without restrictions, at the time he was terminated.

24.  Approximately four days after Vamco terminated Mr. Chadwick, purportedly due to lack of work, Vamco hired another employee who was not disabled.  The employee that Vamco hired four days after terminating Mr. Chadwick was trained by Vamco employees to perform the same work as Mr. Chadwick and performed the same work as Mr. Chadwick.

**IV.  42 U.S.C. § 12112 – Disability Discrimination – Termination**

25.  Mr. Chadwick was an employee of Vamco at all times relevant to this complaint.

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL - 6

**MONTOYA HINCKLEY PLLC**
4301 Tieton Drive
Yakima, WA 98908
**(509) 895-7373**

26. Vamco was an employer under 42 U.S.C. § 12111 at all times relevant to this complaint.

27. Mr. Chadwick's multiple sclerosis is a disability under 42 U.S.C. § 12102 because it causes physical impairment that substantially limits one or more of his major life activities, including seeing and walking, particularly during a flare up. Mr. Chadwick has a record of having a physical impairment that substantially limits one or more of his major life activities.

28. Vamco and Mr. Bibby were aware of Mr. Chadwick's multiple sclerosis and regarded Mr. Chadwick as having a disability after learning of his diagnosis.

29. Mr. Chadwick was qualified for his job at the time he was terminated.

30. Vamco discriminated against Mr. Chadwick on the basis of disability by Mr. Bibby, a Vamco manager and Mr. Chadwick's direct supervisor, terminating Mr. Chadwick because of his disability, in violation of 42 U.S.C. §12112(a).

31. Mr. Chadwick filed his claim with the EEOC within 180 days of the discriminatory treatment by Mr. Bibby. He has filed this lawsuit within 90 days of receipt of the right to sue letter from the EEOC.

32. As a direct and proximate result of Mr. Bibby's discrimination, Mr. Chadwick suffered emotional distress. He has suffered special damages, including lost wages and benefits and damages for emotional distress, costs and attorney's fees for violation of 42 U.S.C. § 12112(a) in an amount he will prove at trial.

33. Vamco acted with reckless or intentional disregard of Mr. Chadwick's federally protected civil rights in violation of 42 U.S.C. § 1981a, through Mr. Bibby, and when it allowed Mr. Bibby to terminate Mr. Chadwick because of his disability. As a result, Vamco is liable for compensatory and punitive damages in amount Mr. Chadwick will prove at trial.

## V. 42 U.S.C. § 12112 – Disability Discrimination – Disparate Treatment

34. Mr. Chadwick was an employee of Vamco at all times relevant to this complaint.

35. Vamco was an employer under 42 U.S.C. § 12111 at all times relevant to this complaint.

36. Mr. Chadwick's multiple sclerosis is a disability under 42 U.S.C. § 12102 because it causes physical impairment that substantially limits one or more of his major life activities, including seeing and walking, particularly

during a flare up. Mr. Chadwick has a record of having a physical impairment that substantially limits one or more of his major life activities.

37.   Vamco and Mr. Bibby were aware of Mr. Chadwick's multiple sclerosis and regarded Mr. Chadwick as having a disability upon learning of his diagnosis.

38.   Mr. Chadwick provided Mr. Bibby with a note from his physician stating that Mr. Chadwick was "cleared medically for return to work but with some restrictions given mild left sided weakness that may need slow return to heavy activity or climbing as tolerated."

39.   When Mr. Chadwick returned to work, on or about April 13, 2017, he was capable of going on service calls and performing all of the functions of a mechanic at Vamco and all functions of his job that he performed before he was diagnosed with multiple sclerosis.

40.   From April of 2013 until Mr. Chadwick's termination on September 18, 2017, Mr. Bibby prohibited Mr. Chadwick from going on service calls, from performing the tasks normally assigned to a mechanic at Vamco, and from performing functions of his job that he was qualified for, that he was capable of performing, and that he performed before being diagnosed with multiple sclerosis. Mr. Bibby assigned Mr. Chadwick to work tasks that were

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL - 9

**MONTOYA HINCKLEY PLLC**
4301 Tieton Drive
Yakima, WA 98908
**(509) 895-7373**

undesirable or less desirable than the work that he was capable of performing and work that he performed before being diagnosed with multiple sclerosis.

41. Mr. Bibby's refusal to allow Mr. Chadwick to go on service calls, his refusal to allow Mr. Chadwick to perform functions of his job that he was capable of performing, including work he performed before being diagnosed with multiple sclerosis, and his conduct in assigning undesirable and less desirable work tasks to Mr. Chadwick, was based on Mr. Chadwick's disability.

42. Mr. Bibby's conduct altered the terms and conditions of Mr. Chadwick's employment and limited, segregated, and classified Mr. Chadwick in a way that affected Mr. Chadwick's opportunities or status because of his disability.

43. Mr. Chadwick filed his claim with the EEOC within 180 days of the discriminatory treatment by Mr. Bibby. He has filed this lawsuit within 90 days of receipt of the right to sue letter from the EEOC.

44. As a direct and proximate result of Mr. Bibby's discrimination, Mr. Chadwick suffered emotional distress. He has suffered special damages, including lost wages and benefits, and damages for emotional distress, costs and attorney's fees for violation of 42 U.S.C. § 12112(a) in an amount he will prove at trial.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 10

**MONTOYA HINCKLEY PLLC**
4301 Tieton Drive
Yakima, WA 98908
**(509) 895-7373**

45. Vamco acted with reckless or intentional disregard of Mr. Chadwick's federally protected civil rights in violation of 42 U.S.C. § 1981a, through Mr. Bibby, and by allowing Mr. Bibby to discriminate against Mr. Chadwick because of his disability. As a result, Vamco is liable for compensatory and punitive damages in an amount Mr. Chadwick will prove at trial.

## VI.   RCW 49.60.180(2) – Wrongful Termination

46. Mr. Chadwick is a person under RCW 49.60.180.

47. Mr. Chadwick's multiple sclerosis, and the symptoms caused by his disease, constitute a disability under RCW 49.60.040(7). His disability exists as a record or history. Vamco and Mr. Bibby perceived that he had a disability.

48. Vamco is an employer under RCW 49.60.180 and RCW 49.60.040(11). Mr. Bibby was a manager of Vamco at all times relevant to this complaint. Mr. Bibby is also an employer under RCW 49.60.040(11) because he was acting in the interest of Vamco at all times relevant to this complaint.

49. Vamco discriminated against Mr. Chadwick by Mr. Bibby terminating him because of his physical disability, in violation of RCW 49.60.180(2).

50. Vamco replaced Mr. Chadwick with a nondisabled employee approximately four days after terminating him for purported lack of work.

51. Vamco is liable for the discrimination against Mr. Chadwick in violation of RCW 49.60.180(2). Mr. Chadwick suffered general and special damages, including lost pay and benefits, emotional distress, costs and attorney's fees under RCW 49.60.030(2) in an amount he will prove at trial.

### VII.  RCW 49.60.180(3) – Disability Discrimination – Disparate Treatment

52. Mr. Chadwick is a person under RCW 49.60.180.

53. Mr. Chadwick's multiple sclerosis, and the symptoms caused by his multiple sclerosis, constitute a disability under RCW 49.60.040(7). His disability exists as a record or history. Vamco and Mr. Bibby perceived that he had a disability.

54. Vamco is an employer under RCW 49.60.180 and RCW 49.60.040(11). Mr. Bibby was a manager of Vamco at all times relevant to this complaint. Mr. Bibby is also an employer under RCW 49.60.040(11) because he was acting in the interest of Vamco at all times relevant to this complaint.

55. Mr. Chadwick was qualified for his position at Vamco at all times relevant to this complaint.

56. Vamco discriminated against Mr. Chadwick in the terms and conditions of his employment, in violation of RCW 49.60.180(3) by Mr. Bibby prohibiting Mr. Chadwick from going on service calls and from performing functions of his job that he was capable of performing and functions of his job that he performed before being diagnosed with multiple sclerosis. Mr. Bibby assigned Mr. Chadwick to work tasks that were undesirable or less desirable than the work that he was capable of performing and work that he performed before being diagnosed with multiple sclerosis.

57. Mr. Bibby's disparate treatment toward Mr. Chadwick was because of Mr. Chadwick's disability and is imputable to Vamco because Mr. Bibby's was Mr. Chadwick's supervisor and he ran the day-to-day business operations for the wind machine sales, maintenance and repair division at Vamco's Wapato, Washington facility.

58. Mr. Bibby and Vamco did not limit or restrict the job tasks, responsibilities or opportunities, and did not reassign or alter the assignment, of nondisabled employees at Vamco.

59. Vamco is liable for the discrimination against Mr. Chadwick for violation of RCW 49.60.180(3). Mr. Chadwick suffered general damages, including emotional distress, lost wages and benefits, costs, and attorney's fees under RCW 49.60.030(2) in an amount he will prove at trial.

## VIII.  DEMAND FOR JURY

60.  Mr. Chadwick demands a jury trial pursuant to Fed. R. Civ. P. 38.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Mr. Chadwick prays for relief as follows:

1.  For damages pursuant to 42 U.S.C. § 12117, 42 U.S.C. § 2000e-5, and 42 U.S.C. § 1981a against Vamco for lost wages and benefits, emotional distress, punitive damages, compensatory damages, income tax effect offset, attorney's fees, expert fees and costs because of the discrimination against, and discharge of, Mr. Chadwick on the basis of his disability;

2.  For damages against Vamco under RCW 49.60.030(2) for actual damages, including lost wages and benefits, emotional distress, income tax effect offset, attorney's fees, and costs because of Vamco's violation of RCW 49.60.180(2) and RCW 49.60.180(3) on the basis of Mr. Chadwick's disability;

3.  For prejudgment interest on any award of lost wages;

4.  For interest on any judgment entered in Mr. Chadwick's favor in the maximum amount allowed by law; and

5.  For such other and further relief as the court may deem just and equitable.

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL - 14

**MONTOYA HINCKLEY PLLC**
4301 Tieton Drive
Yakima, WA 98908
**(509) 895-7373**

DATED this 29th day of November, 2018.

        s/ Tyler M. Hinckley, WSBA No. 37143
        MONTOYA HINCKLEY PLLC
        *Attorneys for Plaintiff*
        4301 Tieton Drive
        Yakima, Washington 98908
        Telephone: (509) 895-7373
        Fax: (509) 895-7015
        Email: tyler@montoyalegal.com

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 15