FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER CHADWICK,

Plaintiff,

v.

VAMCO LTD, INC., a California corporation, and AVITUS, INC., a Montana Corporation,

Defendants.

NO: 1:18-CV-3225-RMP

ORDER DENYING DEFENDANT AVITUS'S PARTIAL MOTION TO DISMISS

BEFORE THE COURT is Defendant Avitus Inc.'s Partial Motion to Dismiss, ECF No. 41. The Court held a telephonic hearing on this matter on January 13, 2020. Having considered the arguments of counsel, the record, and the relevant precedent, the Court is fully informed.

## BACKGROUND

Plaintiff Christopher Chadwick worked as a mechanic for Wind Machine Sales (WMS), a division of Defendant Vamco Ltd., Inc. ("Vamco") located in Washington

State. In March of 2017, Mr. Chadwick was forced to take a one-week absence from work, and was diagnosed with multiple sclerosis at that time. ECF No. 17 at 4–5.

In April of 2017, Mr. Chadwick's doctor wrote a letter stating that Mr. Chadwick was able to return to work with some restrictions. *Id*. Mr. Chadwick alleges that he was capable of performing all aspects of his job when he returned, but his manager, Joshua Bibey, refused to allow him to perform his usual duties. *Id*. at 5. Mr. Chadwick claims that he began receiving undesirable job tasks. *Id*. He also alleges that Mr. Bibey told one or more Vamco employees that he would find a reason to terminate Mr. Chadwick because he viewed Mr. Chadwick as a liability to the company. *Id*. at 5–6. Bridget Johnson, a former Vamco employee who submitted a sworn declaration in this matter, heard Mr. Bibey say that "he was going to find a way to fire Mr. Chadwick," after learning of his diagnosis. ECF No. 49 at 2. She also states that, on multiple occasions after Mr. Chadwick's diagnosis, Mr. Bibey told her that he had "made a mistake by not terminating Mr. Chadwick" and that he "should have let Mr. Chadwick go." *Id*. Additionally, Ms. Johnson claims that Mr. Bibey began treating Mr. Chadwick "differently, in a bad way" after Mr. Chadwick received his diagnosis. *Id*.

In response to Mr. Bibey's comments and actions, Ms. Johnson called Vamco's California "home" office to report the situation, and to relay additional, unrelated complaints about Mr. Bibey. *Id*. Eventually, a representative from Avitus

Inc. ("Avitus"), Hugo Martinez, interviewed Ms. Johnson about her complaints against Mr. Bibey. *See id*. at 3.

Avitus is a corporation that contracts with Vamco to provide certain human resources services, including employee hiring, discipline, and separation. ECF No. 11-1 at 5. Avitus defines itself as a "co-employer" of Vamco employees. *Id*. Shortly after Mr. Chadwick began working for Vamco, he received an employee handbook from Avitus and completed an Avitus employee enrollment packet, including an "Employee Understanding Agreement." *See* ECF No. 11-1. That Agreement suggests that Vamco employees, like Mr. Chadwick, are Avitus employees as well. For instance, the Agreement states, "Avitus Group reserves the right of direction and control over employees assigned to the work site location, retains the authority to hire, terminate, discipline and reassign employees." *Id*. at 5. It also directs Vamco employees to list Avitus as their employer and to express concerns about work-related problems using the procedures presented in the Avitus Employee Handbook. *Id*.

Due to Avitus's relationship with Vamco, Avitus representative Hugo Martinez investigated Ms. Johnson's complaint regarding Mr. Bibey's treatment of Mr. Chadwick. *See* ECF No. 47-4 at 2–3. Ultimately, Mr. Martinez concluded that the complaint was not substantiated. *Id*. at 3. On the present record, it is unclear when Mr. Martinez reached this conclusion or whether he conveyed that conclusion to Mr. Chadwick or Ms. Johnson.

On Monday, September 18, 2017, Mr. Bibey terminated Mr. Chadwick's employment, stating that he was being laid off due to a lack of work. ECF No. 17 at 8. After Mr. Bibey terminated Mr. Chadwick's employment, Mr. Chadwick contacted Avitus to report that he had been discriminated against. ECF No. 48 at 2. In response, Mr. Martinez told Mr. Chadwick to file a complaint with the Washington State Human Rights Commission and stated that he would be in contact with Mr. Chadwick regarding his discrimination complaint. *Id*. According to Mr. Chadwick, no Avitus representative ever followed up with him about his discrimination complaint. *Id*.

Mr. Chadwick filed a claim against Vamco with the Washington State Human Rights Commission on October 19, 2017. ECF No. 48-1; *see also* ECF No. 47-1 at 2. He alleges that his claim was sent to the EEOC for dual filing purposes on or about November 15, 2017, and Defendant Avitus has not contested this assertion. ECF No. 17 at 3. Avitus employee, Mr. Martinez, represented Vamco during the EEOC administrative investigation. ECF No. 47-2 at 2. Mr. Chadwick subsequently received a Notice of Right to Sue from the EEOC. ECF No. 17 at 3.

Defendant Avitus filed this Partial Motion to Dismiss on November 20, 2019. Avitus argues that the claims against it should be dismissed because Mr. Chadwick did not name Avitus in the prior, EEOC proceedings. Therefore, Avitus contends that he failed to exhaust his administrative remedies with respect to any claims against Avitus. ECF No. 41.

**LEGAL STANDARD**

Although Avitus argues the instant motion under Rule 12(b)(6), the motion challenges this Court's subject matter jurisdiction over Mr. Chadwick's claims against Avitus. *See* Fed. R. Civ. P. 12(b)(1); *Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003) (finding that "substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite"); *see also Prime Healthcare Servs.–Shasta, LLC v. United Healthcare Servs. Inc.*, No. 2:16–cv–01773–KJM–CKD, 2017 WL 4340272, at *2 (E.D. Cal. Sep. 29, 2017) (explaining that "a claim may implicate as a prerequisite an administrative review process that, until fully complied with, deprives the court of jurisdiction," even when diversity jurisdiction exists). Therefore, the Court construes the instant motion, made pursuant to Rule 12(b)(6), as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

A motion to dismiss for lack of subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party argues that the plaintiff's allegations, as stated in the complaint, are insufficient to establish federal jurisdiction. *Id*. In a factual attack, the moving party challenges the accuracy of the plaintiff's allegations that purportedly establish federal jurisdiction. *Id*. This case involves a factual attack because, as explained in more detail below, Avitus's relationship to the parties and its actions in this matter are contested. These challenges go beyond the face of the complaint.

Generally, under the 12(b)(1) standard, a court may consider extrinsic evidence "without converting the motion to a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). When the moving party brings a factual challenge, and when no evidentiary hearing is held on the matter, the party invoking the court's jurisdiction must make a prima facie showing of subject matter jurisdiction. *ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F. Supp. 2d 1083, 1085–86 (N.D. Cal. 2013) (citing *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981)).

However, when the jurisdictional issue is not separable from the merits of the case, "the trial court should employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). There are issues involved in the instant motion that are intertwined with the merits of the case. These include issues about Avitus's status as a potential joint employer of Vamco employees. Indeed, at the hearing on this motion, the parties focused their arguments on whether Defendant Avitus had joint employer status. However, as explained in further detail below, the Court need not decide whether Avitus was a joint employer to determine its own jurisdiction, and it will not do so in this Order. Because the Court decides no issues intertwined with the merits of this case, the 12(b)(1) standard, rather than the summary judgment standard, applies here.

**DISCUSSION**

Mr. Chadwick alleges a violation of Title I of the Americans with Disabilities Act ("ADA"). Like Title VII claimants, plaintiffs who bring claims under Title I of the ADA must exhaust their administrative remedies before proceeding in federal court. *See Rucker v. Sacramento Cnty. Child Protective Servs.*, No. 2:09–cv–01673 JAM KJN, 2010 WL 2219646, at *5 (E.D. Cal. June 2, 2010) (citing cases); *Kasick v. City of Hemet*, CV 09-1849-BVF(PLAx), 2009 WL 10671060, at *8 (C.D. Cal. Aug. 26, 2009); *see also Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (explaining that Title VII claimants must exhaust administrative remedies).

The scope of this Court's subject matter jurisdiction is determined by the nature of the administrative proceedings below. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002). Jurisdiction "extends over all allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *Id*. (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (citations omitted)). Generally, claimants "may only sue those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa*, 920 F.2d at 1458. However, the Ninth Circuit has explained that there are several well-established exceptions to

this rule. A claimant can bring claims against a defendant whom he fails to name during the EEOC administrative proceedings when:

(1) the defendant was "involved in the acts giving rise to the EEOC claims";

(2) the defendant "should have anticipated" being named in the subsequent lawsuit;

(3) the party named in the EEOC charge "is a principal or agent of the unnamed party," or the named party and unnamed party are "substantially identical,";

(4) the EEOC could have inferred that the unnamed party also violated the relevant law with respect to the claimant; or when

(5) the unnamed party "had notice of the EEOC conciliation efforts and participated in the EEOC proceedings."

*Id*. at 1458–59 (citing *Wrighten v. Metropolitan Hosp.*, 726 F.2d 1346, 1352 (9th Cir. 1984) and *Chung v. Pomona Valley Comm. Hosp.*, 667 F.2d 788, 790–92 (9th Cir. 1982)).

District courts are especially likely to invoke one of these exceptions when the claimant filed the EEOC charge *pro se*, since an unrepresented claimant "may not understand the need to name all parties in the charge, or may be unable to appreciate the separate legal identities of, for instance, a corporation and its officers." *Id*. at 1459 (quoting 2 A. Larson, *Employment Discrimination* § 49.11(c)(2)); *see also Chung*, 667 F.2d at 790 ("EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading . . . ."). An unrepresented person's failure to name a party in an

EEOC charge "should be viewed with leniency." *Lorona v. Ariz. Summit Law Sch., LLC*, 151 F. Supp. 3d 978, 987 (D. Ariz. 2015).

The Court will consider each exception in turn, beginning by asking whether Avitus was involved in the acts giving rise to Mr. Chadwick's EEOC claims. The parties do not dispute that named Defendant Vamco used Avitus for human resources purposes. Avitus also prepared and provided an employee handbook, which contained employment policies that applied to Vamco employees. ECF No. 11-2; *see also* ECF 11-1. Mr. Chadwick claims that at least one employee complained to Avitus officers about Mr. Chadwick's treatment while he worked for Vamco, but Avitus did not act to end the discriminatory conduct. Mr. Chadwick also claims that he reported discrimination to Avitus after he had been terminated from his position, but Avitus failed to act. ECF No. 48 at 2.

Avitus does not dispute that it handled the discrimination complaints regarding Mr. Bibey's treatment of Mr. Chadwick, acting in a human resources capacity for Vamco. Nevertheless, Avitus argues that it was not involved in the actions giving rise to Mr. Chadwick's claims. It asserts that it was not involved because "the non-named party must control the named party's alleged unlawful actions to be involved in them." ECF No. 50 at 7 (citing *Norwick v. Gammell*, 351 F. Supp. 2d 1025 (D. Haw. 2004)). Avitus explains that, because it did not control Vamco's actions with respect to Mr. Chadwick, it was not "involved" in those actions for the purposes of this exception. *Id*. However, upon a review of the case

law, it is not apparent that this strict "control" requirement exists, as Avitus argues. Therefore, the Court finds that Avitus was involved in the acts giving rise to Mr. Chadwick's EEOC claims and finds that the first exception applies.

The second exception applies if the unnamed defendant should have anticipated the subsequent lawsuit. Because Mr. Martinez, an Avitus employee, was acting as the human resources officer for resolving complaints regarding Mr. Bibey's treatment of Mr. Chadwick, and because he was acting as Vamco's representative in the EEOC proceedings, he was central in the EEOC process. Therefore, Avitus should have had notice through Mr. Martinez about the EEOC proceedings and should have anticipated being named in this lawsuit, alleging discrimination under Title I of the ADA. Therefore, the Court finds that the second exception applies.

The third exception applies if the unnamed party is in a principal-agent relationship with a named party, or if it is "substantially the same" as a named party. Here, Avitus and Mr. Chadwick dispute whether Avitus and Vamco were joint employers. The Court makes no findings regarding this exception because doing so would resolve factual issues that are intertwined with the merits of the case. *See Augustine*, 704 F.2d at 1077. As Plaintiff acknowledges, Avitus may be liable for Mr. Bibey's actions through a theory of *respondeat superior* if it is found to be a joint employer of Mr. Bibey. ECF No. 46 at 8–9 ("Avitus is potentially

vicariously liable for any of Mr. Bibby's (sic) acts that constitute disability discrimination.").

The fourth exception asks whether the EEOC, during the course of its investigation, could have inferred that the unnamed party violated the ADA as well. The record shows that the EEOC investigator, working for the Washington State Human Rights Commission, interviewed Avitus Representative Hugo Martinez regarding Mr. Chadwick's termination. ECF No. 47-4 at 2–3. According to Mr. Martinez's notes documenting the interview, the investigator stated that Avitus was "involved" in the case, even though it was not a named party. *Id*. at 2. Mr. Martinez then explained to the investigator that Avitus was in a "co-employment relationship" with Vamco, processing payroll and providing human resources consulting services for Vamco. *Id*. During the interview, Mr. Martinez revealed that he was responsible for investigating complaints against Mr. Bibey. *Id*. Mr. Martinez ultimately concluded that those complaints were not supported by "proof or at least some form of evidence." *Id*. While the Court does not find at this time that Avitus was acting as a joint employer, the EEOC investigator could have inferred that Avitus was a joint employer, and therefore was liable under the ADA for its actions regarding discrimination complaints involving Mr. Chadwick. Accordingly, the fourth exception applies.

The fifth exception simply asks whether the unnamed party had notice of and participated in the EEOC proceedings. Avitus does not contest that it had

notice of and participated in the administrative proceedings. Instead, it argues that it did not participate in the proceedings on its own behalf. However, Avitus has not directed the Court to any precedent explaining that it must have participated in the EEOC proceedings on its own behalf for this exception to apply. Not only did Avitus take part in the proceedings, its representative, Mr. Martinez, was Vamco's representative for the purposes of the administrative investigation. *See* ECF No. 47-1. Therefore, Avitus knew of and participated in the administrative proceedings. The fifth exception applies.

While the general rule is that a claimant may only sue defendants named in the EEOC charge, the Court finds that in this case, several recognized exceptions to that rule apply. Accordingly, **IT IS HEREBY ORDERED** that Defendant Avitus's Partial Motion to Dismiss, **ECF No. 41**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** January 28, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge